# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY | PLAINTIFF/ COUNTERCLAIM DEFENDANT |
| v. | NO. 4:17CV00129 JLH |
| RAY LATTURE | DEFENDANT/ COUNTERCLAIM PLAINTIFF |

## OPINION AND ORDER

Ray Latture owned a house in Beebe, Arkansas, that was destroyed by fire in 2011. The property was covered by an active insurance policy issued by State Auto Property & Casualty Insurance Company at the time of the fire. Latture submitted a claim for the loss and gave a sworn statement in proof of the loss, and State Auto paid Latture $357,038.08 under the policy. In June 2016, Latture's wife at the time, Jennifer, informed law enforcement that Latture intentionally started the fire. State Auto sued Latture for fraud and breach of contract. Latture counterclaimed, alleging that State Auto and Jennifer have an "arrangement" to either pay Jennifer for her testimony or to agree not to sue her. Latture says that State Auto's reliance on Jennifer's statements is "malicious and intentional."

Latture has moved for leave to add Jennifer as a party to the case. He also has moved to amend his counterclaim and allege a conspiracy between State Auto and Jennifer. State Auto has moved for summary judgment on Latture's counterclaim, and it opposes his motions.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute

of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Latture does not identify the legal theory of his counterclaim. State Auto interprets the counterclaim as an allegation of civil conspiracy but does not specify what tort Latture is alleging the conspirators conspired to commit. *Cf.* Arkansas Model Jury Instructions – Civil – 714 (the second element of a civil conspiracy claim requires proof of an underlying tort).

That being said, Latture's counterclaim, in substance, alleges that State Auto's present suit against him is spurious, which is a claim for malicious prosecution. An essential element of the tort of malicious prosecution is that the proceeding against the person asserting malicious prosecution must have terminated in his favor. *See Stokes v. So. States Co-op, Inc.*, 651 F.3d 911, 915 (8th Cir. 2011) (stating the elements of a claim of malicious prosecution under Arkansas law). Thus, Latture's claim can be asserted only after he successfully defends himself against State Auto's claims. *See Farm Serv. Co-op, Inc. v. Goshen Farms, Inc.*, 267 Ark. 324, 334-35, 590 S.W.2d 861, 867 (1979). Latture's counterclaim must be dismissed without prejudice.

Latture seeks leave to bring Jennifer in as a third party and to amend his complaint to allege a conspiracy against her and State Auto. These motions are denied because the amendment would be futile. *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003). A claim for civil conspiracy requires proof of an underlying tort. *See* Arkansas Model Jury Instructions – Civil – 714 (the second element of a claim of civil conspiracy is that all of the elements of an underlying tort have been proved). Here, the underlying tort would be malicious prosecution. As noted above, a claim for malicious prosecution requires that the proceeding alleged to have been commenced maliciously has terminated in favor of the person asserting the malicious prosecution claim. As

2

applied here, that means that this case must terminate in Latture's favor before he can assert a malicious prosecution claim. And he must be able to prove all of the essential elements of malicious prosecution in order to make a case of civil conspiracy. Latture's claim that State Auto and his ex-wife conspired to assert a spurious claim against him is premature.

State Auto Property & Casualty Insurance Company's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Document #14. Ray Latture's counterclaim is dismissed without prejudice, and his motions for leave to amend and to bring in a third party are DENIED. Documents #12 and #13.

IT IS SO ORDERED this 16th day of May, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE